Filed 9/5/14  P. v. Dabbs CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075569 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F03948) |
| v. | |
| JAMES EDWARD DABBS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Edwards Dabbs has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Around midnight on June 20, 2013, Jim Hill walked down the hall of his residence, turned on the kitchen light, and saw a man he did not know walk down the hall and into his bedroom. The man then went into the bedroom of Karen Lamb, who also lived at the residence. Lamb awoke and saw the man going through her dresser drawers. She told him to get out of her room and chased him down the hall. Hill saw the man leaving Lamb's room. The man went past him and out the back sliding door, which had a broken lock. Lamb called the police. Hill's blue cell phone was missing and several dollars were missing from Lamb's purse.

Hill described the man as being a dark African-American in his 40's or 50's, about six feet tall and 180 pounds. The man was growing a bit of a beard and mustache and was wearing a white T-shirt with a large black circle and writing on it. Lamb saw only the man's profile and clothing, and noted he smelled strongly of alcohol. She described the man as Black and in his 30's or 40's, wearing dark pants and a white T-shirt with writing on the front.

Responding to the call, police came upon a man, who matched the description given by the dispatcher, bicycling away from the scene. The man was subsequently identified as defendant. Hill was driven to the location and identified defendant as the man who had been in the house. Hill identified defendant in part by the distinctive T-shirt he was wearing. Hill was subsequently, however, unable to identify defendant as the perpetrator with any certainty. Defendant had Hill's cell phone in his possession at the time of his arrest.

Defendant was charged with first degree burglary and receiving stolen property. (Pen. Code, §§ 459, 496, subd. (a).)[1] It was also alleged defendant had a prior strike

---

[1] Undesignated statutory references are to the Penal Code.

conviction—a 2008 first degree burglary—and had served six prior prison terms within the meaning of section 667.5, subdivision (b).

Approximately a week before trial, the trial court denied defendant's motion to suppress evidence. On the day of trial, just prior to voir dire of the jury, defendant made a *Faretta*[2] request to represent himself and proceed in propria persona. After warning defendant of the pitfalls of self-representation, informing him that trial would not be delayed if defendant chose to represent himself, and stating that they would be proceeding immediately to trial, defendant said he understood and still wanted to represent himself. The trial court found defendant had "knowingly, intelligently, and voluntarily" decided to represent himself "with full knowledge of the risks and dangers of doing so" and discharged defendant's trial counsel.

In a bifurcated trial, the jury found defendant not guilty of burglary but guilty of receiving stolen property. The trial court then found the prior strike and six prior prison terms true. Defendant was sentenced to the upper term of three years, doubled, plus six consecutive one-year terms, for an aggregate term of 12 years in state prison. Defendant was awarded 366 days of presentence credit (183 actual days and 183 conduct days). The court imposed the minimum restitution fine of $280 (§ 1202.4, subd. (b)(1)) and imposed and stayed a $280 parole revocation restitution fine (§ 1202.45).

Defendant appealed. We appointed counsel to represent him on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have not received any supplemental brief from defendant.

---

[2] *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562].

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We note, however, an error in the abstract of judgment that requires correction.  The abstract reflects restitution fines of $200 rather than the $280 ordered.  Item No. 5 must be corrected to reflect the amount orally imposed by the trial court.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting that the amount of the restitution fines set forth in item No. 5 is $280 each.  A certified copy of the corrected abstract shall be forwarded to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

                BUTZ                , J.

We concur:

      NICHOLSON      , Acting P. J.

      DUARTE        , J.